758

## In re WESTWOOD.

### Petition of PERLMAN.

### No. 13790.

District Court, E. D. Pennsylvania.
March 27, 1945.

Irving Flexner, of Philadelphia, Pa., for Samuel I. Perlman.

Philip C. Herr, of Philadelphia, Pa., for John P. Herr, trustee.

Robert A. Clement, of Philadelphia, Pa., for Allen B. Clement.

BARD, District Judge.

This is a petition seeking an order (1) for the return by Allen B. Clement, Esquire, of an award made to him by order of this court from funds deposited in the Registry of the Court; and, (2) for the transfer of this money and other funds in the Registry of this Court to the Registry of the United States District Court of the District of New Jersey.

John R. Westwood was adjudicated a bankrupt on April 1, 1931. A Creditors' Committee was formed to pursue certain assets of the estate. The trustee, John P. Herr, was named treasurer of this committee. Petitioner, Samuel I. Perlman, was employed by the committee under a written contract as investigator to aid in the recovery of these assets.

The Creditors' Committee was awarded the sum of $2,543 in the case of William F. Sellers v. National Bank of New Jersey,[1] in the District Court of the United States for the District of New Jersey (Equity E 4728) and recovered other sums in a number of suits.

In 1941, the trustee filed his final account which included as assets the money recovered by the Creditors' Committee. The claim of the petitioner for compensation and expenditures incurred while working for the committee was denied by the referee. Petitioner filed a certificate of review and Judge Barksdale, sitting in this court, confirmed the order of the referee denying his claim. A subsequent appeal to the Circuit Court of Appeals was withdrawn without a hearing. In November 1941, the referee adjudicated the final account, distribution of all remaining funds was made, and the estate was closed.

In August 1941, petitioner filed a petition in the United States District Court for the District of New Jersey to secure reimbursement of expenditures made and for services rendered in the National Bank of New Jersey matter. Judge Forman of that court wrote a letter to petitioner's counsel under date of August 18, 1941, in part as follows: "The papers will be filed. The application will be denied. You may consider this as final action by this Court."

In 1942 petitioner brought an action of assumpsit against John P. Herr and other members of the Westwood Creditors' Committee in the Municipal Court of Philadelphia County to recover for services rendered for the committee. After judgment for defendants petitioner appealed to the Superior Court of Pennsylvania. That court entered a judgment of non pros in November 1944.

Some time after the closing of the Westwood Estate the Special Master in the Na-

---

[1] No opinion for publication.

tional Bank of New Jersey proceeding awarded the sum of $355.73 to Henry Arronson, Esquire, attorney for the Westwood Creditors' Committee, as reimbursement for expenditures incurred in that litigation. Since Arronson had already been reimbursed for these expenses by the bankruptcy estate, he transferred this sum to John P. Herr by check dated April 10, 1944, drawn to the order of "John P. Herr, Trustee for John R. Westwood, Bankrupt and John P. Herr, Treasurer of the Creditors' Committee for John R. Westwood, Bankrupt." On June 6, 1944, Judge Kirkpatrick of this court entered an order permitting John P. Herr to pay this sum together with another small sum received by Herr from the Minor Edgar Chemical Corporation Estate (United States District Court for the Southern District of West Virginia, Bankruptcy No. 2673) into the Registry of this court. On June 26, 1944, Judge Kirkpatrick awarded $250 out of the funds deposited in the Registry of the Court to Allen B. Clement, Esquire, for services rendered for the Westwood Estate.

Petitioner requests an order directing Allen B. Clement, Esquire, to return to the Registry of the Court the $250 awarded Clement and a further order directing the transfer of $355.73, which sum includes the $250, from this court to the Registry of the United States District Court for the District of New Jersey.

It has already been determined that petitioner has no claim against the Westwood Estate, against the Creditors' Committee for John R. Westwood, or against the funds remaining in the National Bank of New Jersey proceeding. Petitioner's claims, once finally determined by a competent tribunal, cannot afterwards be litigated by a new proceeding either before the same or any other court. Whether the fund belongs to the Westwood Estate or whether it rightfully should be returned to its source, petitioner can assert no claim against it since his rights have been adjudicated adversely in both proceedings before the two tribunals. Petitioner has no rights which can be enforced. He cannot challenge the orders of Judge Kirkpatrick without proof that he is adversely affected thereby. Warner Bros. Pictures, Inc. .v. Lawton-Byrne-Bruner Ins. Agency Co., 8 Cir., 79 F.2d 804.

The petition is dismissed.